Matthews, 1.
delivered the opinion of the court. This is an action for money had, and received by the defendant to the use of the plaintiffs. They do not state, in their petition, any of the circumstances under which he received it. The answer, besides the general issue, contains an exception to the petition, as not setting forth the cause of action with sufficient certainty.
We are of opinion, that the petition does«not pursue the true sense and spirit of the acts of the legislature, which regulate the practice of our courts. It is not sufficiently explicit of the cause of action, in stating the manner, in which the money came to the hands of the defendant—how he obtained it—from what persons, &c. Every circumstance, which may be considered proper to be known, in order to put the defendant on a just defence of the suit, ought to have been stat-. ed.
But, as no decision on this exception, appears to have been given in the district court—nor, appears to have been insisted on, by the defendant’s counsel, who, after pleading the general issue, appealed from a judgment on the merits., we deem it unnecessary to notice it.
*511 The defence on the merits, as it is understood from the argument of counsel (for, on the record, there is not sufficient perspicuity to point it 11 J l out) is satisfaction and payment made to Jackson, one of the firm of Duncan and Jackson, for whose benefit this action is instituted by Duncan, from whom the money was received by the defendants and appellants.
The record of the suit, referred to in the statement of facts, shews dearly that Duncan was a fraudulent partner, and had embezzled to a great extent the funds of the firm, for which judgment was obtained against him by the syndics. It further appears, from a document non file, that Jackson acknowledged satisfaction for said judgment, on receiving less than its amount.-
It is the opinion of this court, that these transactions are not sufficient to exonerate the defendant, as debtor to- the late firm of Duncan and Jackson : although he may have become indebted to it, in consequence of a contract with Duncan alone , whilst it is evident, that this contrast related to the funds of the partnership;
It is, therefore ordered, adjudged and decreed, that the judgment of the district court be affirm-ep with costs.
Duncan for the plaintife, Hennen for the de-1 fendants.